# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 9, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**FRED L. LOYD,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1052**  (BOR Appeal No. 2049408)
                    (Claim No. 2011037422)

**AKER CONSTRUCTION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Fred L. Loyd, by Stephen New, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aker Construction, by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2014, in which the Board affirmed an April 17, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 19, 2013, decision denying authorization of a request to add avascular necrosis of the humeral head and sciatica as compensable components of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Loyd injured his lower back and right shoulder on May 13, 2011, while installing cable during the course of his employment as an electrician, and the claim was initially held compensable for a lumbar sprain and unspecified sprain of the arm/shoulder. Three days after the compensable injury, Mr. Loyd sought treatment for lower back and right shoulder pain. Radiographs of the lumbar spine were obtained and revealed multilevel degenerative disc disease and facet joint arthropathy without evidence of an acute injury. On June 27, 2011, a lumbosacral

1

MRI was performed and revealed multilevel advanced lumbar spine degeneration with moderate canal narrowing at L2-L3 and T12-L1. It also revealed moderate foraminal narrowing at L5-S1. It was noted that the MRI findings remain unchanged from those of a pre-injury study performed on February 16, 2011, amid complaints of lumbago, weakness, numbness, and leg pain. On March 15, 2012, Mr. Loyd underwent a right arthroscopic labral debridement with biceps tenodesis. A subsequent arthroscopy was performed to correct complications which arose following the initial arthroscopy, during which the presence of extensive degenerative disease was noted.

In June of 2013, Anna Allen, M.D., Mr. Loyd's treating physician, requested the addition of avascular necrosis of the humeral head and sciatica as compensable components of the claim following her diagnosis of sciatica and the April 26, 2012, diagnosis of avascular necrosis of the right humeral head made by George Bal, M.D. James Dauphin, M.D., performed a records review on June 10, 2013, and recommended denying the request to add sciatica and avascular necrosis of the humeral head as compensable components of the claim. Dr. Dauphin noted that extensive diagnostic studies performed on the lumbar spine all reveal only degenerative changes with stenosis and opined that Dr. Allen's diagnosis of sciatica represents a relatively new complaint. He then opined that there is no relationship between Mr. Loyd's complaints of sciatica and the May 13, 2011, compensable injury. Further, Dr. Dauphin noted that only a small area of the humeral head is necrotic, which he opined is not an uncommon finding. He then opined that avascular necrosis of the humeral head represents an incidental finding and has no relationship to the compensable injury involving the soft tissue surrounding the humeral head. The claims administrator initially denied authorization for Dr. Allen's request to add avascular necrosis of the humeral head and sciatica as compensable components of the claim on June 11, 2013.

On July 16, 2013, the StreetSelect Grievance Board determined that the claims administrator's initial denial of the request to add avascular necrosis of the humeral head and sciatica as compensable components of the claim was appropriate. It determined that the record contains documented evidence of pre-existing degenerative disease and noted that Mr. Loyd has been at maximum medical improvement for approximately one year. The Grievance Board also relied on Dr. Dauphin's conclusions that the diagnosis of sciatica represents a new finding and that the diagnosis of avascular necrosis represents an incidental finding. On July 19, 2013, the claims administrator again denied Dr. Allen's request to add avascular necrosis of the humeral head and sciatica as compensable components of the instant claim.

On October 8, 2013, ChuanFang Jin, M.D., performed a records review. Dr. Jin noted that the most recent diagnostic imaging of the lumbar spine and right shoulder clearly shows degenerative disease and opined that the cause of Mr. Loyd's current symptoms is most likely advanced degenerative disease of the lumbar spine and right shoulder. Further, she opined that diagnostic imaging did not reveal the presence of avascular necrosis of the right humeral head and questioned whether avascular necrosis is truly present. Regarding the request to add sciatica as a compensable component of the claim, she opined that lumbar spine MRIs performed before and after the compensable injury are essentially unchanged and both reveal the presence of degenerative disc disease. Finally, Dr. Jin opined that there is insufficient evidence to link a

2

diagnosis of sciatica to the compensable injury and further opined that there is insufficient evidence to support a diagnosis of avascular necrosis of the humeral head.

In its Order affirming the July 19, 2013, claims administrator's decision, the Office of Judges held that avascular necrosis of the humeral head and sciatica are not compensable components of the instant claim. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated September 23, 2014. On appeal, Mr. Loyd asserts that the evidence of record demonstrates that avascular necrosis of the humeral head and sciatica should be added as compensable components of the instant claim.

The Office of Judges noted that the record is replete with evidence revealing the presence of pre-existing degenerative disc disease and also found that the record contains evidence of degenerative changes present within the right shoulder. In particular, the Office of Judges relied on the opinions of Dr. Dauphin and Dr. Jin. Regarding the request to add avascular necrosis of the humeral head, the Office of Judges found that the evidence of record does not support a definitive diagnosis of avascular necrosis. Notably, the physician who performed the second right shoulder arthroscopy did not make a diagnosis of avascular necrosis of the humeral head. The Office of Judges further found that if avascular necrosis is present, the record does not establish that it arises from the May 13, 2011, compensable injury. Regarding the request to add sciatica as a compensable component of the claim, the Office of Judges found that the evidence of record does not establish that sciatica arises from the May 13, 2011, compensable injury, and determined that Mr. Loyd's current lumbar symptoms likely arise from the well-documented presence of degenerative changes contained in the evidentiary record. Moreover, prior requests from Mr. Loyd's treating physicians requesting authorization for additional treatment of the lumbar spine and requesting authorization for a referral for treatment/evaluation of the lumbar spine have been denied on the basis that his current lumbar spine complaints arise solely from pre-existing degenerative changes. We agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 9, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3